**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2314-22

RICHARD WASSERMAN,

     Petitioner-Appellant,

v.

BOARD OF TRUSTEES OF
THE TEACHERS' PENSION
AND ANNUITY FUND,

     Respondent-Respondent.

_____

Argued April 24, 2024 – Decided May 16, 2024

Before Judges Susswein and Vanek.

On appeal from the Board of Trustees of the Teachers' Pension and Annuity Fund, Department of the Treasury, Agency Docket No. TPAF No. xx4397.

Albert J. Leonardo argued the cause for appellant (Zazzali PC, attorneys; Albert J. Leonardo, of counsel and on the briefs).

Payal Y. Ved, Deputy Attorney General, argued the cause for respondent (Matthew J. Platkin, Attorney General, attorney; Janet Greenberg Cohen, Assistant

Attorney General, of counsel; Payal Y. Ved, on the brief).

PER CURIAM

Petitioner Richard Wasserman appeals a March 10, 2023 final administrative determination by respondent, the Board of Trustees (the Board) of the Teachers' Pension and Annuity Fund (the TPAF), denying his request for the bi-weekly military stipend paid to him by the federal government through his present employer, the Paterson School District (District), to be deemed TPAF pension-creditable compensation. After careful review of the record and prevailing New Jersey law, we affirm the Board's final determination.

I.

We recount the salient facts in the record before us. On July 16, 2018, Wasserman was hired by the District for a "Teacher Military Science" position at John F. Kennedy High School (JFK School) in the School of Architecture and Construction Trade. The employment contract for the 2018-19 school year fixed the annual salary at $59,105.

At the JFK School, Wasserman taught at least five class periods per day in addition to managing the school's Junior Reserve Officers' Training Corps (JROTC) unit. His duties were specified in a written job description and included administering the JROTC summer leadership camp; coordinating with

senior school officials in establishing operating procedures relating to the administration, control, and training of JROTC cadets; and conducting public affairs efforts. Wasserman's job description specified that he was to direct and participate in "service learning and community service events" including weekend duties, as applicable. He was also required to establish and maintain at least two integrated or extracurricular teams such as drill team, color guard, and raider team. The "environmental demands" section of Wasserman's job description stated he was required to attend off-site training events.

A collective negotiations agreement (CNA) between the Paterson Education Association (PEA) and the District set forth compensation ranges should the District decide to augment an employee's salary for assisting with certain extracurricular activities. The CNA's salary range for approved JROTC extracurricular activities spanned from $6,262 to $7,829 per year.[1] Wasserman did not receive additional pay under the salary schedule for any extracurricular activities or additional duties.

The federal government controls the amount JROTC instructors are paid pursuant to 10 U.S.C. § 2031(d). For Wasserman's first year of employment, the District was advised by the federal government his required minimum

---

[1] The guide provided in the appendix was for the 2016-17 school year.

instructor pay (MIP) was $94,605.90 based on his U.S. Army service time and rank. The District was required to certify Wasserman's JROTC employment every year by submitting an Annual Certification of Pay and Data Form.

The federal government remitted funds to the District for the difference between Wasserman's contractual salary and the required $9,460.59 MIP. Those federal funds were then distributed by the District to Wasserman as a military stipend. Wasserman received two separate bi-weekly paychecks from the District, which were individually designated on each check as "military stipend" and "regular earnings." The District only deducted TPAF pension contributions from Wasserman's regular earnings. No pension deductions were taken from Wasserman's miliary stipend. The District issued Wasserman W-2 forms for the 2019 and 2020 tax years which set forth the annual income paid to him as $105,332.46 and $105,576.90, respectively.

On February 14, 2020, Wasserman requested the State of New Jersey, Department of the Treasury, Division of Pension and Benefits (the State) conduct an audit to determine why only half of his salary was subject to pension contributions stating:

> Paterson has paid one-half of [Wasserman's] salary and the United States Army has paid one-half of his salary. As such, [Wasserman] receives two paychecks on each payroll date. . . . The portion of [Wasserman's] salary paid

by the Army is not for any additional work beyond his teaching duties and is thus not a stipend. As such, [Wasserman's] entire salary should be reported by the District to the [State] and should be subject to pension contributions.

On May 6, 2021, the State responded and advised the District correctly reported Wasserman's salary for the 2018-19, 2019-20, and 2020-21 school years since any supplementary salary paid to him by the federal government was additional compensation beyond his contractual salary and was not pensionable under N.J.S.A. 18A:66-2(d)(1) and N.J.A.C. 17:3-4.1 (2015). On June 15, 2021, Wasserman appealed the State's determination and the matter was transferred to the Office of Administrative Law (OAL) for a contested hearing.

On July 12, 2022, the OAL held a hearing at which Wasserman testified and various documents were moved into evidence. On December 16, 2022, the Administrative Law Judge (ALJ) issued an initial decision concluding "notwithstanding the absence of a salary guide specific to JROTC instructors, Wasserman's 'compensation' under N.J.S.A. 18A:66-1 . . . was the MIP." The ALJ found that although Wasserman's military stipend was paid through a separate check, it was part of his regular bi-weekly compensation and represented payment for duties not addressed in Wasserman's base compensation, but which were integral to the

effective functioning of his position. Therefore, the ALJ concluded Wasserman's military stipend was pension creditable.

At its meeting on February 2, 2023, the Board rejected the ALJ's initial decision and reaffirmed its decision denying Wasserman's request for his military stipend to be deemed pension creditable. On March 10, 2023, the Board confirmed this determination in a final administrative decision. The Board found Wasserman was hired by the District under a salary contract and any compensation received beyond the contractually designated amount was considered extra compensation and not pension creditable pursuant to N.J.A.C. 17:3-4.1(a)(1)(x) (2015). The Board also relied on N.J.A.C. 17:3-4.1(j) (2015), which provides stipends can be deemed pension creditable only when they are included as part of a regular payroll check. Since Wasserman received two separate checks, the Board found the military stipend was not creditable towards his pension pursuant to N.J.A.C. 17:3-4.1(j) (2015). This appeal follows.

## II.

On appeal, Wasserman argues the Board's March 10, 2023 final administrative decision should be reversed and we should deem the entirety of his MIP to be pension-creditable compensation under N.J.A.C. 17:3-4.1(j) (2015) because all of his JROTC functions were regular contractual job duties.

Wasserman argues pursuant to N.J.S.A. 52:14B-10(c), the Board erroneously rejected certain of the ALJ's findings of fact.

Substantial deference is given to "the agency charged with enforcing an act." Merin v. Maglaki, 126 N.J. 430, 436-37 (1992). "The agency's interpretation will prevail provided it is not plainly unreasonable." Id. at 437. Thus, we "review[] agency decisions under an arbitrary and capricious standard." Zimmerman v. Sussex Cnty. Educ. Servs. Comm'n, 237 N.J. 465, 475 (2019). "An administrative agency's final quasi-judicial decision will be sustained unless there is a clear showing that it is arbitrary, capricious, or unreasonable, or that it lacks fair support in the record." In re Herrmann, 192 N.J. 19, 27-28 (2007); see also Saccone v. Bd. of Trs. of the Police & Firemen's Ret. Sys., 219 N.J. 369, 380 (2014) (quoting Russo v. Bd. of Trs., Police & Firemen's Ret. Sys., 206 N.J. 14, 27 (2011)). The party challenging the administrative action bears the burden of making this showing. Lavezzi v. State, 219 N.J. 163, 171 (2014).

The factual "findings of an ALJ 'are considered binding on appeal, when supported by adequate, substantial and credible evidence.'" Oceanside Charter Sch. v. N.J. State Dep't of Educ., 418 N.J. Super. 1, 9 (App. Div. 2011) (quoting In re Taylor, 158 N.J. 644, 656 (1999)). "Although we review administrative

7

decisions with a deferential standard of review, 'a reviewing court is in no way bound by [an] agency's interpretation of a statute or its determination of a strictly legal issue.'" State Shorthand Reporting Servs. v. N.J. Dep't of Lab. & Workforce Dev., 478 N.J. Super. 13, 20-21 (App. Div. 2024) (alteration in original) (quoting Allstars Auto Grp., Inc. v. N.J. Motor Vehicle Comm'n, 234 N.J. 150, 158 (2018)). "'[If] an agency's determination . . . is a legal determination, the appellate court's review is de novo.'" Id. at 21 (alteration in original) (quoting K.K. v. Div. of Med. Assistance & Health Servs., 453 N.J. Super. 157, 161 (App. Div. 2018)).

III.

Wasserman's MIP is paid to him by the federal government through the District pursuant to 10 U.S.C. § 2031(d) (2022) (amended Dec. 22, 2023), which stated in pertinent part

> [T]he Secretary of the military department . . . may authorize qualified institutions to employ, as administrators and instructors in the program, retired officers and noncommissioned officers . . . whose qualifications are approved by the Secretary and the institution concerned and who request such employment, subject to the following:
>
> > (1) A retired member so employed is entitled to receive the member's retired or retainer pay without reduction by reason of any additional amount paid to the member by the institution

concerned.  In the case of payment of any such additional amount by the institution concerned, the Secretary of the military department concerned shall pay to that institution the amount equal to one-half of the amount paid to the retired member by the institution for any period . . . .

The statutory and regulatory framework governing teachers' pensions under New Jersey law sets forth what amounts are pension-creditable compensation.  N.J.S.A. 18A:66-2(d)(1) specifies that creditable compensation is

> the contractual salary, for services as a teacher as defined in this article, which is in accordance with established salary policies of the member's employer for all employees in the same position but shall not include individual salary adjustments which are granted primarily in anticipation of the member's retirement or additional remuneration for performing temporary or extracurricular duties beyond the regular school day or the regular school year.

Furthermore, N.J.A.C. 17:3-4.1 (2015) (amended May 1, 2023) stated

> (a) The compensation of a member subject to pension and group life insurance contributions and creditable for retirement and death benefits in the Fund shall be limited to base salary, and shall not include extra compensation.
>
> 1. Forms of compensation that have been identified as extra compensation include, but are not limited to:

. . . .

xix. Compensation paid for additional services performed during a normal duty assignment, which are not included in base salary.

. . . .

(c) Extra compensation shall not be considered creditable for benefits and all employee contributions made thereon shall be returned without interest.

N.J.A.C. 17:3-4.1(j) (2015) specifically addresses stipends and states:

The Board may consider a stipend as creditable compensation and subject to pension deductions for retirement credit, if it:

1. Is included as part of the petitioner's regular payroll check; and

2. Represents duties not addressed in base compensation that are integral to the effective functioning of the member's contracted position.

We find no error in the Board's final determination that Wasserman's military stipend is not pension-creditable compensation based on the governing New Jersey statute and administrative code provisions. "'To determine the Legislature's intent, [courts] look to the statute's language and give those terms their plain and ordinary meaning,' because 'the best indicator of that intent is the plain language chosen by the Legislature.'" State v. J.V., 242 N.J. 432, 442

(2020) (first quoting DiProspero v. Penn, 183 N.J. 477, 492 (2005); and then quoting Johnson v. Roselle EZ Quick LLC, 226 N.J. 370, 386 (2016)). Accordingly, if the language is clear as to the application of the statute, there need be no further interpretation undertaken by the courts. In re Expungement Application of D.J.B., 216 N.J. 433, 440 (2014).

The plain language of N.J.S.A. 18A:66-2(d)(1) defines pension-creditable compensation as "the contractual salary, for services as a teacher as defined in this article." Additionally, under N.J.A.C. 17:3-4.1 (2015) only a member's base salary shall be subject to pension contributions. Wasserman's contractual base salary is $59,105. Thus, according to the governing statute and the applicable administrative code provision, only Wasserman's base salary is subject to pension credit.

Wasserman argued and the ALJ found that Lyle v. Commissioner, 76 T.C. 668, 675 (1981), was a non-binding federal tax court case which is inapplicable to this matter. We find no error in the Board's reliance on the general language in Lyle reiterating that under 10 U.S.C. § 2031(d)(1) (2022) "employing educational institution[s] [are] free to determine the []schedule of pay" and "that they must pay the instructors the full 'additional amount' specified in the statute." Id. at 674. Nor do we find error in the Board's conclusion that our decision in

Siri v. Bd. of Trs. of the Tchrs' Pension and Annuity Fund, 262 N.J. Super. 147 (App Div. 1993), is distinguishable since, in that decision, we did not address the creditability of a federally funded stipend to a State pension.

Wasserman argues in the alternative that the ALJ properly found N.J.A.C. 17:3-4.1(j) (2015) operated to deem his military stipend pensionable. We are unconvinced and find no error in the Board's determination that both prongs of N.J.A.C. 17:3-4.1(j) (2015) were not satisfied. We reject Wasserman's alternative argument his military stipend is pension creditable because he is being paid for duties not included in his base compensation but are integral to the effective functioning of his contractual position as a military science teacher. The record establishes Wasserman's job description requires him to perform JROTC duties that occur outside of normal business hours. Thus, Wasserman is already contractually compensated for those after-hours duties through his base salary.

Our analysis is unchanged even if we were to find that the military stipend was intended to compensate Wasserman for duties not addressed in his base compensation but integral to his contracted position. Wasserman does not satisfy the first subsection of N.J.A.C. 17:3-4.1(j) (2015), which requires payment of the stipend and regular earnings in the same check in order to be

considered pensionable. It is undisputed the District issues two separate bi-weekly paychecks to Wasserman, one designated "regular earnings" and one labeled "military stipend." Therefore, in this instance, N.J.A.C. 17:3-4.1 (2015) cannot be applied to transform the military stipend paid by the federal government into TPAF pension-creditable compensation.

IV.

We briefly address Wasserman's argument the Board improperly rejected the ALJ's factual finding that his prior employer, the Jersey City Public School District (Jersey City), considered the military stipend remitted to him as pension creditable.

"When an ALJ has made factual findings by evaluating the credibility of lay witnesses, the Pension Board may no longer sift through the record anew to make its own decision, which will be affirmed if it is independently supported by credible evidence." Cavalieri v. Bd. of Trs. of Pub. Emps. Ret. Sys., 368 N.J. Super. 527, 534 (App. Div. 2004). "[I]n order to reverse such a factual finding by an ALJ, the agency head must explain why the ALJ's decision was not supported by sufficient credible evidence or was otherwise arbitrary." Ibid. (citing N.J.S.A. 52:14B-10(c)).

The record before the ALJ established Wasserman worked for Jersey City as a JROTC instructor before his employment by the District. During the OAL hearing, only Wasserman testified he received pension credit for his military stipend while employed by Jersey City.

The Board rejected the ALJ's factual finding and its legal import by stating:

> The Board rejects the finding that [Wasserman's] full salary from Jersey City, including a military stipend, was credited to his TPAF account for pension purposes due to the self-serving nature of the statement and in the absence of any evidence. In addition, what was or was not reported . . . as pensionable from Jersey City is not germane to the Paterson matter. And, even if Jersey City incorrectly credited [Wasserman's] military stipend to his TPAF account, such error should not be compounded by continuing to grant pension credit based on an uncreditable military stipend.

Whether or not the Board erred in rejecting the ALJ's factual finding, we remain unconvinced the evidence is relevant to our decision here. Other than Wasserman's unsupported statement, the factual circumstances under which Jersey City considered the entirety of Wasserman's salary pensionable were not developed in the record here. Even if they were, the actions of another employer do not inform our decision.

14

In reviewing all the relevant circumstances and prevailing New Jersey law, we find no error in the Board's final determination that the military stipend being paid to Wasserman by the District is not creditable towards his TPAF pension.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION